It's a pleasure to be here, members of the panel, Judges Fernandez-Páez and Berzon, Madam Clerk, Ms. Sager. I'm Roger Siegel. I'm attorney for the defendant, Mr. Miguel Beltran-Ochoa. The case involves whether Arizona's solicitation statute categorically qualifies for the drug enhancement, drug traffic enhancement under the reentry guideline 2L2.1. Kagan Can you begin by telling us why Shoemate doesn't decide this case? Why the Shoemate I don't know if that's how you pronounce it, but doesn't decide this case. Beltran-Ochoa Shoemate had some very good insights, particularly with its emphasis on the Oregon statute and how Oregon interpreted its law. In Shoemate, the Ninth Circuit looked at, the defendant had argued that the way that Oregon's law, Oregon interpreted its solicitation statute and attempt statute, that he could have been convicted of solicitation under the specific way that, under the specific Oregon's interpretation of the law, attempt equated to solicitation. And the focus by the court was the fact that because that was true, then solicitation was subsumed under attempt. So the focus in Shoemate was correct with respect to the focusing on the State's interpretation. Kagan But as to the predecessor question, which the brief spent a lot of time on, and that is whether solicitation is inside or outside the crime of violence commentary, isn't Shoemate dispositive on that? Verrilli, There's no question, Justice Kagan. I don't take issue with the fact. I like to find points of agreement. And I think I'm not – I don't disagree with the fact that the – that the application note is non-exhaustive. The question is – the question – but none of the specified or enumerated inchoate crimes are always, per se, qualify for the crime of – for whatever enhancement they're talking about. Roberts What's wrong with this Arizona statute of solicitation? Why – why – Verrilli, The Arizona – under the – Roberts Why isn't it encompassed, this particular statute? Verrilli, This particular statute – under the particular statute, Arizona requires only that the defendant either request or encourage another individual to do an act which would make that other individual complicit in the crime. It does not require that the defendant himself take any part in the crime or that he have the intent to commit the crime, only that he have intent to promote the crime. And the fact that it's not – it's not – it's not – it's not – it's not – it's not – it's not – it's not – it's not – it's not – it's not to promote, if you look at the dictionary, means to – to – basically to encourage or to – to further in some way, but not in a – Kagan But in fact, does it actually apply? Are there any Arizona – it seems to me that the Arizona cases were, for the most part, citing to attempt cases and didn't really – I mean, is there any Arizona case that's really of that character, that suggests that they're actually trying and convicting people for – for nice words? Verrilli, Yes. Well, there's a – Kagan Actual case. Verrilli, There's a quote, and I don't have it right now in my brief, but that talks about – it's from one of the Arizona cases that talks about, in the vast majority of cases for solicitation in Arizona, that it is a third person – Kagan I understand it's a third person, but I don't know why that matters. Verrilli, Well, but – Kagan The question is what – I mean, if you order a third person – I mean, the usual solicitation is, you know, I – I'm going to pay you off to murder my wife. That – the person – the person doing it is not murdering anybody. It's a third person. So I'm asking you is, without any payment or coercion or – or power relationship where one person can order the other person, is there any – any Arizona case? Verrilli, Well, if you take a look at Fristow – if you take a look at Fristow, it talks about the distinctions between attempt and solicitation. And in Fristow, what the Court was looking at, a case where an older man attempted to approach several different young girls on multiple occasions and asked if he could pay to perform some sexual act, $5, and then he returned and said $10. And the question – the question was whether that was – whether – essentially whether he could get a solicitation, lesser instruction from the attempt, and whether it was actually a solicitation as opposed to attempt. The Court held that – and it distinguished between solicitation and attempt in that solicitation requires only words and it doesn't require any further – any act at all. It doesn't require any agreement. It doesn't require any overt act. It doesn't require any substantial step. So it's – and this is in Arizona. I'm not saying that solicitation in all – in all instances equates – is – is not a – one of the inchoate crimes. You have to take a look at Arizona statute. But what the Court held was that solicitation required was much less than attempt. And all of Arizona's cases that I've quoted in my brief talk about solicitation being a much lesser offense and, in fact, a distinct offense. We're dealing with the generic – What's the generic definition of solicitation? The generic – What do we look to and how do you look to it? Well, you know what, I looked up the generic – Where did you look? You said you looked – you looked up – The Ninth Circuit did not have a generic definition of solicitation. What the Court – what this Court – You just – you just said you looked up the generic definition. And where did you look to find it? I looked up – in the Ninth Circuit's cases. And there was no – there was no generic – because I've litigated the issue of attempt and what the generic – generic issue of – definition of attempt is in the Ninth Circuit, which there is one. There's significant litigation on that. There is not in solicitation. What I did find with respect to Vidal and with respect to Jimenez is that the proper analysis is to look at whether the – whether the inchoate statute offense, which is not one of the three listed, whether it is – basically, whether it is equivalent or the same as – or whether the logic of the application note extends to solicitation. Those are the words in Vidal. Those are the – and the Jimenez – the Jimenez. Does it go to more to whether the solicitation should be included within the enumerated categories? I think solicitation in the appropriate – not every State solicitation is going to. And I think it's critical that the Court – Do you think solicitation has some sort of generic definition? I'm – I'm sure that it does. I haven't found one in the Ninth Circuit. But why are – Go ahead. How about elsewhere was the question? Excuse me? How about elsewhere was the question. Then I have another question. I – all that I found, Your Honors, was that when you're looking at a statute such as – such as accomplice after the effect, which was – which was in Vidal and Jimenez, I believe, and other – other inchoate crimes which are not listed, that the analysis is whether they are equivalent to or whether the logic of the application note extends to it. And because we – the slate is very clear with respect to how this Court has dealt with Arizona's statute with respect to – both with respect to whether the – whether that statute relates to a controlled substance when it's – when it's applied or when there's a conviction where it's applied with a controlled substance offense, whether it's – for immigration purposes, whether it's a – Now, does your position, to go back to your mean, that if – and I think we've held directly to the contract. But if somebody goes up to somebody and says, I'll pay you over $50,000 to murder my wife, that would be solicitation in Arizona of a third person, as you're saying. It's only words. And it doesn't count? No. Well, that's getting into the difference between a categorical and a modified categorical. Under the statute, under the statute is overly broad. If you go to the modified categorical analysis, certainly that would – that would qualify. But under a – Why would it qualify? Because of the catch-all? Because of the residual catch-all clause, which – both, because there's a risk of danger, because there's a serious risk of – Well, but one's assuming that the person didn't do it. If the person says, no, I'm not going to take the $50,000 to murder your wife, there's not a lot of risk of danger. Well, then, I mean, I'm – if there's a – I'd say that's a stronger case than the case here, where the defendant – the only record on the – the only record that occurred shows that, on the factual basis, is that the defendant asked somebody else to obtain some drugs, and then it's not clear whether the person who – and then it refers to he got the drugs, and it's not clear whether the person – I don't know whether he was part of a drug cartel and he was the higher-up person, and when he tells somebody to go get some drugs, to possess them, to distribute them, he's basically an employee that he's telling it to? Well, that's certainly one explanation, but it's certainly – it's certainly, I think, the least plausible in the context of a – of an illegal alien with the history that this gentleman had. But I would like to reserve a few minutes. You're over your time. Thank you. Good morning again, Your Honor. Erika Sager on behalf of the District of Arizona. Welcome back.  I'm going to start by saying that the Arizona Definition of Solicitation     It's a definition that the Arizona Definition of Solicitation does qualify as a drug trafficking offense under the guideline definition. The defendant argues that the Arizona Definition of Solicitation is overly broad because it doesn't require an overt act or it doesn't require an attempt to commit the crime. And I would just point out that conspiracy, for example, does not require an – It requires an agreement. So I – I mean, is your basic submission that Shoemate is controlling here or what? Yes, Your Honor. Both Shoemate and Contreras-Hernandez. But it can't be that anything the State calls – so anything the State calls solicitation counts? No, Your Honor. I think that it would be – that there would have to – we somehow have to either compare the elements to the ones in the comment or we have to compare the elements to the logic of including those in the – in the affirmative guideline or we have to do something other than simply say it's called solicitation. Correct, Your Honor. And I think Shoemate answers the question that solicitation is included within the definition of a controlled substance offense. The question then becomes what is solicitation? Well, but that's a little peculiar because it isn't included in Hike-Verbera. So we're going to now create a generic crime for something that isn't actually physically there? I mean, it doesn't say the word solicitation. Why doesn't it make more sense to just look at the actual elements and say are these elements within the guideline rather than to create this intermediary of the word solicitation when the word solicitation isn't used in the statute or in the guideline? Well, Your Honor, I guess the way that the court, Judge Fernandez wrote in Shoemate was that solicitation is included within the definition of controlled – of the guidelines. It can be included. And I think as Judge Pai has pointed out, it wouldn't necessarily be in every circumstance, but in the case specific to Oregon, it was. And so the question then becomes what is the definition of solicitation, which the court alluded to before. And the Ninth Circuit has not addressed what solicitation, what the definition of solicitation is. It's kind of pointed out things that solicitation isn't. The Model Penal Code does define solicitation, and the Arizona statute almost identically mirrors that of the Model Penal Code with regard to what solicitation is. So let's suppose – I mean, there are two possibilities. One is the Model Penal Code doesn't necessarily define the answer to this because you'd also look at the state statutes, and I think there's a lot of disarray there as to the word encouragement or require, but at least they encourage in particular. But more than that, I mean, here, the fact that the Model Penal Code includes the word encourage in solicitation when the word solicitation is not, after all, in the guideline, I mean, isn't it more productive to say is encouraging someone to do something sufficiently like what is in the guideline that it would be covered? Isn't that a more coherent way to ask the question than to ask whether it's solicitation? What's the difference whether it's solicitation? I mean, you can't say, you know, encourage when solicitation isn't in the guideline anyway. Your Honor, I mean, that would be one way of approaching the question, yes. All right. So then what's the answer to that question? Is encouraging someone to do something sufficiently like attempting and conspiracy and aiding and abetting or like any of these substantive provisions in the actual guideline to be covered? Well, I think in order to make that determination, you would have to engage in a modified categorical analysis to what the defendant actually did in his case. And the court in this case did not engage in a modified categorical analysis, only engaged in a categorical analysis. So in order to engage in a modified categorical analysis, I think the court would need to remand this back to the district court for the district court to engage in that analysis and also any implications that the camp may have on the court's ability to actually engage in a modified categorical analysis. We don't first have to know whether encouraging someone. Let's suppose what happened here. I mean, or let's suppose that the statute would encompass the following or would encompass the following. You know, I have a brother, and I say to my brother, you know, it would be really good for you. You need some money. And why don't you go out and buy some marijuana and distribute it. Would that be covered by the Arizona statute? That would be a really good idea. It would depend on whether or not when you made that statement, you intended to promote or facilitate the commission of the crime. Okay. Because the Arizona statute does require that the person doing the soliciting has to act with the to promote or facilitate the commission of the crime. With the intent to promote or facilitate. Correct. But throw a third person with it. It doesn't do anything itself. Correct. Much like conspiracy would not require, if you and your brother agreed to engage in that conduct, he could, you would not have to necessarily take any overt act to be found guilty of the conspiracy, so long as you had an agreement that you were going to commit the criminal activity. It's very similar to the solicitation example that Your Honor mentioned. Are there any other questions from the Court? It's too confusing. This Court's holding in Shoemate does indicate that solicitation is included within the definition of 2L1.2. What were the facts in Shoemate in terms of what solicitation was? In that case, it was an Oregon conviction where it was that the court engaged in a categorical analysis, so it's not entirely clear what the facts of the case were. What the court But they essentially said solicitation in Oregon is essentially an attempt. Is that what they said? The way Oregon defines solicitation, he could have been convicted of solicitation under, Shoemate's argument was that he could have been convicted of solicitation under the Oregon statute, and so therefore his conviction was not categorically a drug trafficking offense for the Career Offender Act. And what the court held was that even if solicitation was part, solicitation was part of the Oregon statute, and therefore, and it did meet the guideline definition for the Career Offender Act, which is actually less broad than the guideline definition under 2L1.2, and so therefore it was a drug trafficking offense for the Career Offender provisions of the guidelines. Okay. Thank you, Counsel. You've exceeded your time, so we're just going to submit the matter. Thank you very much. Counsel, we appreciate your arguments. Counsel, the matter will be submitted at this time.
judges: Fernandez, Paez, Berzon